HAGEL, Judge,
concurring:
I write separately because I believe that a matter of great significance is at issue in this case and wish to elaborate further on the views already expressed. The focus of the Veterans Claims Assistance Act of 2000 was to ensure that all information necessary to making a determination on a claim is obtained and presented to the adjudicator as early on in the decision-making process as possible. One section of that act, now codified in 38 U.S.C. § 5103A(d), was devoted to clarifying VA’s duty to assist veterans seeking disability compensation in obtaining medical examinations. Whether or not a veteran receives a VA medical examination can have a significant bearing on the outcome of a veteran’s claim for disability compensation. If provided with an examination, a veteran, although certainly not entitled to benefits automatically, is afforded an opportunity to obtain the expert medical evidence that is often necessary to support a claim for benefits. If denied an examination by VA, however, a veteran may be ill suited to acquire that evidence on his or her own. The veteran is faced with the somewhat-daunting task of obtaining and likely paying for a specialized opinion from an expert who may be unfamiliar with the contents of the service medical and other treatment records and who is uninformed regarding the importance of certain standards peculiar to the needs of the VA adjudication system. Under section 5103A(d), the initial decision to provide a veteran seeking disability compensation with an examination rests with VA, and because of the critical impact of such an examination on the outcome of the adjudication, it is crucial that VA take this section into careful consideration when making its decision.
The Board failed to do so in this case. Particularly, the Board completely ignored the language of section 5103A that provides that the necessity of an examination may be triggered by evidence that a claimant has “persistent or recurrent symptoms of disability” and that those “symptoms may be associated with the claimant’s active military ... service.” 38 U.S.C. §§ 5103A(d)(2)(A), (B) (emphasis added).
In its primary opinion, the Court enumerated a number of issues that the Board is required to address on remand. Ante at 518. Although I am fully cognizant of the principle that “[fjact finding in veterans cases is to be done by the expert [Board], not by [this] Court,” Elkins v. Gober, 229 F.3d 1369, 1377 (Fed.Cir.2000), I would like to make the following observations with respect to the issues that this Court has noted. First, difficulty in breathing, easy fatigability, and a recurring rapid heartbeat are described in some texts as symptoms of heart disease. See David Schechter, M.D. & Roger Manwaring, Heart Disease, in 7 Attorneys’ Textbook of Medicine 30.31, .60, .62 (Roscoe N. Gray, M.D., et al. eds., 3d ed.2003); 5A Lawyers’ Medical Cyolopedia § 34.29(A), (C), (G), (K) (Richard M. Patterson ed., 5th ed.2003). Second, it is unclear to me why those three symptoms would not be “capable of lay observation,” and therefore why Mr. Dueñas would not be competent to testify that he has experienced them.
At this point and in the absence of an explanation by the Board, I cannot conclude that a recurring rapid heartbeat and other symptoms of heart disease allegedly experienced by Mr. Dueñas since his mili *522 tary service could not potentially be associated with the tachycardia, or excessive rapidity in the action of the heart, experienced by him during service, as described on his discharge examination report. 38 U.S.C. § 5103A(d)(2)(B); 38 C.F.R. § 3.159(c)(4)(i)(C); R. at 58; Dorland’s at 1655. Further, given these observations and the Board’s incomplete discussion of the issues, I also cannot conclude that there is no reasonable possibility that an examination would aid in substantiating Mr. Duenas’s claim. See 38 U.S.C. § 5103A(a)(2). Under the Court’s opinion, the Board must discuss thoroughly the issues raised by the Court and either order a VA examination or explain clearly and comprehensively why, in light of section 5103A(d)(2), no such examination is necessary.